**IN THE COURT OF APPEALS OF IOWA**

No. 14-1490
Filed November 25, 2015

**MISTY S. DAVIS, as Mother and Next
Friend of BRADY CLIFFORD,**
        Plaintiff-Appellee,

**vs.**

**NICOLE BANLEY,**
        Defendant-Appellee,
**and**

**ROBERT B. DECK,**
        Intervenor-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Edward A.

Jacobson, Judge.

        Following procedendo in a prior appeal, Robert Deck challenges the

district court's order concerning distribution of assets.  **AFFIRMED.**

        Robert B. Deck of Deck Law, Sioux City, appellant pro se.

        Misty S. Davis, Sioux City, appellee pro se.

        Mark C. Cord III of Berenstein, Moore, Heffernan, Moeller & Johnson,

L.L.P., Sioux City, for appellee Nicole Banley.

        Heard by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A father of two children died without a will. Attorney Robert Deck represented one of the children in a lawsuit against the other to recover for property alleged to have been wrongfully withheld. After withdrawing from the case, he sought a lien on the father's assets to cover his attorney fees.

The district court found the assets were insufficient to pay debts and charges with a higher priority than Deck's attorney fee claim. On appeal, this court affirmed. *See Davis v. Banley*, No. 13-0855, 2014 WL 1234286, at *4 (Iowa Ct. App. Mar. 26, 2014). We stated,

> At the time the court filed its order of distribution, there was still no money due either heir. . . . [A]t the time of the order of distribution, the district court noted the assets of the decedent held in trust were insufficient to pay the debts and charges and claims allowed in this matter. Nothing in this record allows us to conclude there is any money due . . . to which an attorney's lien would attach.

*Id.* We further indicated the father's assets were subject to statutory priorities for the payment of claims against estates with insufficient assets. *Id.* at *4 n.4.

After our opinion became final, the temporary administrator of the estate[1] applied for $10,722.82 in attorney fees, which included fees incurred in defending the prior appeal. The district court granted the application. The fee claim exhausted the estate's assets, leaving nothing for the father's funeral expenses or for distribution to the children. Deck filed a second appeal.

Deck asserts "the trial court has not complied with the procedendo issued subsequent to the prior appeal and it has failed to recognize [his] attorney's lien on the money held [in trust]." In his view, the district court improperly treated the

---

[1] Although the attorney acting as temporary administrator originally represented the other child, the district court later treated him as temporary administrator.

action as a probate matter. Deck also argues the district court "ordered a different distribution of the funds than had been approved by the Court of Appeals."

This court refused to recognize an attorney's lien running in favor of Deck. *Id.* at *4. We specifically rejected Deck's assertion that the district court lacked probate authority, stating,

> The probate court of Iowa is not a separate and distinct court with powers and jurisdiction strictly its own. It is a part of the district court which has general, original, and exclusive jurisdiction of all actions, proceedings and remedies, including complete and exclusive administration of testate and intestate estates.

*Id.* at *3 (citing *In re Ferris's Estate*, 14 N.W.2d 889, 897 (Iowa 1944)). We also affirmed the distribution priorities set forth by the district court. *Id.* at *4 n.4.

Our opinion resolved the arguments Deck now raises. The opinion became the law of the case. *See State ex. rel. Goettsch v. Diacide*, 596 N.W.2d 532, 537 (Iowa 1999) ("[L]egal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals." (citations omitted)).

The district court's subsequent order granting the temporary administrator's request for attorney fees was consistent with the probate code and the priority list we affirmed. *See* Iowa Code §§ 633.199 ("Such further allowances as are just and reasonable may be made by the court to personal representatives and their attorneys for actual necessary and extraordinary expenses and services."), 633.425 (listing "[o]ther costs of administration" as second in priority), 633.3(8) (including "attorney fees" in definition of "costs of

administration"), 633.426 (requiring payment of debts and charges to be made "in the order provided in section 633.425").  The order left no money for distribution to the children and, consequently, no money to which Deck's attorney fee lien could attach.  Deck had nothing to appeal.

We affirm the district court's order granting the temporary administrator's request for attorney fees.

**AFFIRMED.**